**MARQUIS AURBACH COFFING**
Terry Coffing
Nevada Bar No. 4949
10001 Park Run Drive
Las Vegas, NV 89145
Phone: 702-942-2136
E-mail: tcoffing@maclaw.com

**BADE BASKIN RICHARDS PLC**
Alan S. Baskin
Arizona Bar No. 013155
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone No. 480-968-1225
Facsimile 480-968-6255
alan@bbrplc.com
anash@bbrplc.com
*Pro Hac Vice*

Attorneys for Defendant Kevin L. Ehlers

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY M. THURLOW, an individual, | No. 2:13-CV-00365-JAD-NJK |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |
| vs. | |
| KEVIN L. EHLERS, individually, and DOE individuals I through V, ROE CORPORATIONS I through V, inclusive, | |
| Defendants. | |

///
///
///
///

Plaintiff Anthony M. Thurlow and Defendant Kevin L. Ehlers, by stipulation of their respective counsel, pursuant to Rule 26(c), Federal Rules of Civil Procedure, agree to the Court's entry of the Proposed Protective Order.

… RESPECTFULLY SUBMITTED this 3rd day of September, 2013.

THE AIELLO LAW FIRM, P.C.

/s/ Vincent J. Aiello
Vincent J. Aiello, Esq.
Nevada Bar No. 7970
9555 Hillwood Drive, Suite 150
Las Vegas, NV  89134

MARQUIS AURBACH COFFING

/s/ Terry Coffing
Terry Coffing, Esq.
Nevada Bar No. 4949
10001 Park Run Drive
Las Vegas, NV  89145

BADE BASKIN RICHARDS PLC

/s/ Alan Baskin
Alan Baskin, Esq.
Arizona Bar No. 013155
80 East Rio Salado Parkway, Suite 511
Tempe, AZ  85281
*Pro Hac Vice*

/ / /

/ / /

/ / /

/ / /

/ / /

# PROTECTIVE ORDER

WHEREAS, the parties to this Protective Order, Plaintiff Anthony M. Thurlow and Defendant Kevin L. Ehlers are engaged in litigation requiring them to identify and disclose certain documents and other tangible items; and,

WHEREAS, in the course of such proceedings, information, documentation, and other tangible items that one or more parties consider to be confidential and proprietary will be produced;

WHEREFORE, the parties have agreed to the terms of the following Protective Order:

IT IS HEREBY ORDERED THAT:

1.      Each party to this Protective Order and anyone else who may subsequently subscribe to this Protective Order agrees to abide by the following provisions regarding certain documentation and information disclosed by the parties in connection with this litigation.

2.      It is anticipated that some information or documentation disclosed in the course of this action may be confidential and proprietary or constitute a trade secret(s). Any party that discloses information or documentation that is reasonably believed by it to be of the type so recognized may, at the time of disclosure or production, designate such information or documentation as "Confidential" and the information or documentation so designated shall thereafter be subject to the provisions of this Protective Order. In the case of information or documentation disclosed in the course of this action that constitutes trade secrets and is considered by the producing party to be highly proprietary and sensitive, the producing party may, at the time of disclosure or production, designate such information or documentation as "Attorneys' Eyes Only," and the information or documentation so designated shall thereafter be subject to the provisions of this Protective Order. In the case of documents, each page that is to be protected under this Protective Order shall be separately marked "Confidential" or "Attorneys' Eyes Only." In the case of email messages produced electronically via CD-

ROM, the CD must be marked "Confidential" or "Attorneys' Eyes Only" while the individual pages are not.

3. It is anticipated that either a party to this action or a third party in response to a subpoena may disclose some information or documentation in the course of this action that a third party or a receiving party reasonably believes reflects or contains information that is proprietary or confidential or that constitutes a trade secret(s), but which has not been designated as "Confidential" or "Attorneys' Eyes Only" pursuant to Paragraph No. 2 herein by the disclosing party. Any party to this action that receives such information or documentation that it reasonably believes to be of the type so recognized or the third party may, prior to the use of such information or documentation in any deposition or other proceeding in this action, designate such information or documentation as "Confidential" or "Attorneys' Eyes Only" by notifying all other parties in writing and identifying with particularity the information and documentation so designated. Documentation or information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Paragraph that has been received from a third-party shall be subject to this Protective Order for all purposes.

4. Any information or documentation designated as "Confidential" pursuant to Paragraph Nos. 2 and 3 of this Protective Order shall not be disclosed to any person other than:

    a. The parties hereto;

    b. The parties' attorneys of record;

    c. A member of the legal, paralegal, secretarial, or clerical staff of the attorneys of record;

    d. Third-party witnesses, subject to the requirements of Paragraph 8 herein.

    e. The Court, its staff, and any court reporter and/or notary public recording or transcribing a deposition in this case.

Any information or documentation designated as "Attorneys' Eyes Only" pursuant to Paragraph Nos. 2 and 3 of this Protective Order shall not be disclosed to any person other than:

  f. The parties' attorneys of record;

  g. A member of the legal, paralegal, secretarial, or clerical staff of the attorneys of record;

  h. The Court, its staff, and any court reporter and/or notary public recording or transcribing a deposition in this case.

5. Any documents, materials, or other information designated as "Confidential" or "Attorneys' Eyes Only" (i) shall be maintained under strict confidence by the parties and their counsel, (ii) shall be used only for purposes of this litigation or related litigation, (iii) shall not be used for competitive or commercial purposes, and (iv) shall not be disclosed to anyone other than those identified in Paragraph No. 4 above, except upon the prior written consent of the party or persons producing the information or by order of the Court.  Each aforesaid party reserves the right to seek further protective orders or to modify this Protective Order by application to the Court in connection with any documents or information contained therein.

6. A party shall designate materials as "Confidential" or "Attorneys' Eyes Only" if the party in good faith believes that such a designation is necessary to prevent the party from incurring economic or competitive harm or injury and should not be disclosed to other parties under any circumstances.  Information that may be designated as such includes, but is not limited to:  customer and customer financial information, personal financial information, internal financial and/or logistical information that has not been publicly disclosed.

7. While protected by this Protective Order, any information or documentation designated as "Confidential" or "Attorneys' Eyes Only" as provided in this Protective Order may be used in the depositions of those afforded access to these documents in accordance with this Protective Agreement with instructions to the court reporter that those portions of the depositions relating to "Confidential" or "Attorneys' Eyes Only" information, as well as "Confidential" or Attorneys' Eyes Only" documents made exhibits, shall not be disclosed to

any person other than those persons afforded access to these documents or information in accordance with this Protective Order, unless otherwise ordered by this Court. Information disclosed at any deposition in this litigation also may be designated by any party as "Confidential" or "Attorneys' Eyes Only" by indicating on the record at the deposition that the specified part of the testimony is "Confidential" or "Attorneys' Eyes Only" and subject to the provisions of this Protective Order. Any party may also designate "Confidential" information in a deposition transcript by notifying all parties in writing, within thirty (30) days after receipt of the deposition transcript by the attorneys for the designating party, of the specific pages and lines of the transcript that contain such confidential information. All depositions shall be treated as though designated "Confidential" for a period of forty-five (45) days after a full and complete transcript of said deposition is available.

8. Third-party witnesses to whom "Confidential" materials are to be disclosed shall be designated and identified in writing to the other party or parties prior to the disclosure of any "Confidential" materials to any such third-party witness. Prior to the disclosure of any "Confidential" materials to any third-party witness, the third-party witness shall acknowledge, in writing and in the form the same as Exhibit A attached hereto, that he or she has read this Protective Order and agrees to be bound by its terms. The number of such third-party witnesses and the "Confidential" materials they are permitted to inspect shall be strictly limited to those necessary to assist counsel in the conduct of this litigation, and each such third-party witness shall agree to comply with the terms of this Protective Order before being given access to any "Confidential" materials.

9. Documents and information designated as "Confidential" shall be filed with the Clerk of the Court under seal. Documents and information designated as "Attorneys' Eyes Only" shall be filed in chambers only.

10. Nothing in this Protective Order shall be deemed to prohibit the transmission or communication of information designated as "Confidential" or "Attorneys' Eyes Only" between or among those afforded access to it pursuant to this Protective Order by hand delivery, face-to-face conference, or (a) in sealed envelopes or containers via the mail or an

established freight, delivery, or messenger service, or (b) by facsimile or electronic mail (if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused).

11. Nothing herein shall, however, restrict those identified in Paragraph No. 4 from making working copies, abstracts, indices, numerous summaries or digests of information designated as "Confidential" or "Attorneys' Eyes Only" for use in connection with this action, and such working copies, abstracts, indices, numerous summaries and digests shall be deemed information designated as "Confidential" or "Attorneys' Eyes Only" under the terms of this Protective Order.

12. Upon conclusion of all proceedings in this action whether by judgment, settlement or otherwise, including any appeals, counsel for the parties shall return all documents or other materials produced and designated "Confidential" or "Attorneys' Eyes Only" to the producing party, in whatever forms stored or reproduced, all working copies thereof, and shall verify that all such documents and materials have been returned to counsel for the producing party. Any attorney designated in Paragraph No. 4 herein shall be entitled to retain, in whatever forms stored or reproduced, all the materials, including but not limited to, pleadings, correspondence, memoranda, notes, and other work product materials that contain or refer to information designated "Confidential" or "Attorneys' Eyes Only" and such materials shall remain protected by this Protective Order.

13. The restrictions and obligations relating to information or documentation designated "Confidential" or "Attorneys' Eyes Only" and protected by this Protective Order shall not apply to any such information or documentation that:

    a.    the designating party agrees shall no longer be subject to such restrictions and obligations;

    b.    was in the public domain at the time of disclosure by one party to any other party; and/or

    c.    is published or otherwise becomes part of the public domain, after the disclosure to or by the non-designating party and through no fault of the non-

designating party, but only after and to the extent said information is published or otherwise becomes part of the public domain through no fault of the non-designating party.

14. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "Attorneys' Eyes Only" or the designation of any person as being entitled to receive materials under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within seven (7) days of first notice of disagreement, the party objecting to the designation may seek appropriate relief from the Court. This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not, in fact, "Confidential" or "Attorneys' Eyes Only" and deserving of protection pursuant to this Protective Agreement or otherwise. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" materials at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

15. A party's inadvertent or unintentional production, or other disclosure, of information or documentation that is confidential, proprietary, or a trade secret without designating such information as "Confidential" or "Attorneys' Eyes Only" under this Protective Order, or a party's failure to timely designate information or documentation that is confidential, proprietary, or a trade secret as "Confidential" or "Attorneys' Eyes Only" under this Protective Order shall not be deemed a waiver in whole or in part of that party's claim of confidentiality or secrecy, either as to specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

16. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this Protective Order without involving this Court unnecessarily in this process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order shall be deemed to have the effect of any admission or waiver, including an admission that designated

information is confidential or a trade secret, or including waiver under the rules of evidence, by either party or other subscriber to this Protective Order, or of altering any existing obligation of any party or other subscriber, or the absence of such obligation.

17. Nothing herein shall be deemed to restrict in any way a party or its attorneys with respect to its own documents or to prevent a party from using or disclosing information properly obtained other than pursuant to discovery in this case.

18. This Protective Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to discovery or production of documents or information and to the use, relevance, or admissibility at the hearing on the merits of any evidence, whether or not comprised of documents or information governed by this Protective Order.

19. Nothing in this Protective Order shall limit the producing party from using its own documents and its own information otherwise subject to the terms of this Protective Order in any fashion it may desire.

20. The parties agree that in the event of any actual or threatened breach of any of the covenants of this Protective Order by or with complicity of one of the parties to this agreement, the non-breaching party (or parties) shall be entitled to equitable relief, including, but not limited to, temporary restraining orders and injunctive relief, without bond and without the necessity of showing actual monetary damages, subject to a hearing as soon thereafter as possible in any competent court having jurisdiction. Nothing contained herein shall be construed as prohibiting a party from pursuing any other remedies available to it for such breach or threatened breach, including the recovery of any damages which it is able to prove.

21. Prior to introducing any confidential information during any hearing or trial in this action, the party intending to introduce such information shall approach the bench for a ruling on how the information is to be treated.

22. After termination of this litigation, including appeals, this Protective Order shall continue to be binding on the parties hereto, and upon all persons to whom "Confidential" or

"Attorneys' Eyes Only" information has been disclosed for five years from the termination of this litigation, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

23. This Protective Order shall be without prejudice to the right of the parties to this Protective Order to present a motion to the Court for a separate order as to any such particular document or information, including restrictions differing from those as specified herein. This Protective Order may be amended by leave of the Court with or without the agreement of counsel, or as the need may arise by the mutual consent and agreement of counsel without prior leave of the Court.

IT IS SO ORDERED this  4  day of September, 2013.

_____
U.S. Magistrate Judge

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

**EXHIBIT A**

To Whom It May Concern:

**Protective Order Governing Confidentiality of Documents and Information In *Anthony M. Thurlow v. Kevin L. Ehlers*, 2:13-00365-JCM-NJK.**

This is to certify that the undersigned has read, understands, and is fully familiar with the provisions of the Protective Order governing confidentiality of documents and information in the referenced action.

As a condition precedent to my examination of any of the Confidential or Confidential Information – Attorneys' Eyes Only documents or information covered by the Protective Order, I agree that the Protective Order shall be deemed to be directed to, and shall include, me and I shall observe and comply with all provisions of the Protective Order. I fully understand that my failure to maintain the confidentiality of any documents or information covered by the Protective Order may result in the initiation of legal action against me.

Dated:_____

_____
Name

_____
Address

_____

_____
Occupation and Job Title

_____
Employer